The Honorable Morril Harriman State Senator and Chairman Legislative Joint Auditing Committee 172 State Capitol Little Rock, Arkansas 72201-1099
Dear Senator Harriman:
This is in response to your request, on behalf of the Legislative Joint Auditing Committee, for an opinion on whether Garland County may lawfully donate fifty thousand dollars to the City of Hot Springs for the Arkansas School for Mathematics and Sciences (ASMS) project. Specifically, you indicate that during the 1993 audit of Garland County, the Division of Legislative Audit noted this donation and reported that it was in apparent conflict with Article 16, § 11 and Article 12, § 5 of the Arkansas Constitution.
It is my opinion that Garland County may lawfully and constitutionally make the donation at issue.
Article 16, § 11 of the Arkansas Constitution, one of the provisions cited by the Division of Legislative Audit as a prohibition to the donation, provides as follows:
 No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.
I assume that the Division of Legislative Audit believes that the donation of this money might result in a tax levied for one purpose being used for another purpose. Although it is not clear from your question, I assume that the funds comprising the donation come from general fund moneys, that is, taxes which are levied for the general purposes of government, and which were not levied for restricted or particular purposes. In such case, the tax moneys are not diverted to "any other purpose" unless the purpose is one for which county general funds could not be spent.
It is my opinion that the donation is a proper use of county funds. As was noted in Op. Att'y Gen. 95-046,[1] recently issued by this office, a county may, "for any public purpose, contract, cooperate, or join with any other county, or with any political subdivisions of the State or any other states or their political subdivisions, or with the United States." A.C.A. § 14-14-801(b)(4). Additionally, it has been held that cities and counties may make contributions for public purposes where the General Assembly has designated the activity to be benefited. Kerr v. EastCentral Arkansas Regional Housing Authority, 208 Ark. 625, 187 S.W.2d 189
(1945). The General Assembly, in establishing the Arkansas School for Mathematics and Sciences, has stated that: "[t]he board [of trustees of the ASMS] is authorized and empowered to receive contributions, donations, gifts, bequests of money, other forms of financial assistance and property, equipment, material, or personnel from persons, foundations, trust funds, corporations, organizations, and other sources, private or public, to be expended and utilized for the operation of the school." See A.C.A. § 6-42-204, as amended by Acts 558 and 559 of 1995.
Additionally, it is my opinion that the donation is not violate of Arkansas Constitution, Article 12, § 5, which provides that:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
This office has consistently opined that this provision does not prohibit the appropriation of moneys to other public entities. See again, Op. Att'y Gen. 95-046, at n. 3, and Op. Att'y Gen. 92-250.
It is therefore my opinion that the donation in question is not unlawful under these constitutional provisions.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It was concluded therein that the Dallas County Quorum Court could lawfully make a $1,500 grant to the City of Carthage to be used as matching funds for a State Highway and Transportation Department grant to demolish old buildings and build new walkways in the City's business district.